COHN & WEIS v. HAMLET ET AL.

APPEAL:   *Final order.*

An order of the Circuit Court sustaining a demurrer to a complaint in replevin and dismissing the complaint and directing a writ of inquiry to assess the defendant's damages, is not a final order from which an appeal can be taken to the Supreme Court.

APPEAL from *Chicot* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*J. G. B. Simms* and *Dodge & Johnson* for appellants.
The judgment was a final one, and subject to appeal.
*5 Ark., 399; 38 Ark., 394.*

SMITH, J. The appellants, after default in the payment of a mortgage debt due by the appellees, brought replevin for the mortgaged chattels. A demurrer to the complaint was sustained for failure to allege a previous demand for possession, or a conversion of the property, and leave to amend was refused. The record entry then recites that the court ordered the complaint to be dismissed and that a writ of inquiry issue, returnable to the next term to assess the defendants' damages. And from this order an appeal is prosecuted.

This is not such a final judgment as that an appeal will lie from it. Under the writ the property in controversy had been taken from the defendants and delivered to the plaintiffs. And the order appealed from does not direct restitution, nor ascertain the value of the property, nor make any disposition of it which can be enforced by execution. It does not even give judgment for costs. It does not purport to discharge the parties from the action, or to conclude their rights in respect to the subject matter in litigation. *Baily v. Ralph, 4 Ark., 591; Campbell v. Sneed, 5 Ib., 398; Hornor v. State, 27 Ib., 113; Benton County v. Rutherford, 30 Ib., 665; Fitzpatrick v. Phillips, 41 Ib., 85; The Palmyra, 10 Wheaton, 502; Perkins v. Fourniquet, 6 How., 206; Beebe v. Russell, 19 Ib., 283.*

*McCreery v. Taylor, 38 Ark., 393*, is distinguishable. In that case there had been a final judgment for a definite sum against the defendant in the principal cause and only certain proceedings against garnishees remained to be disposed of. The process of attachment was regarded as auxiliary and incidental to the main action and the pendency of such collateral proceedings as not suspending the right of appeal.

The judgment here being interlocutory only, the appeal is dismissed for want of jurisdiction.